GUITERMAN BROS. v. FINCH, VAN SLYCK & McCONVILLE.

(Circuit Court of Appeals, Eighth Circuit.  September 10, 1917.)

No. 4903.

PATENTS ☞328—VALIDITY—INFRINGEMENT.

Patent No. 1,016,214, for a knit collar piece to be sewn into the collar band of coats, and which, when fastened, took the form of a truncated cone, fitting the neck snugly at the top, which was made by a tuck stitch, the tension of the yarn being changed during process of knitting, *held* to show invention, but to be limited to that particular stitch, and not to be infringed by defendant's collar, knit on a different machine, in which several different stitches were used.

Appeal from the District Court of the United States for the District of Minnesota; Wilbur F. Booth, Judge.

Bill by Guiterman Bros. against Finch, Van Slyck & McConville. From a decree dismissing the bill, complainant appeals.  Affirmed.

Amasa C. Paul, of Minneapolis, Minn. (Arthur P. Lothrop, of St. Paul, Minn., on the brief), for appellant.

John E. Stryker, of St. Paul, Minn., for appellee.

Before SANBORN, CARLAND, and STONE, Circuit Judges.

STONE, Circuit Judge.  Appeal from decree dismissing bill for infringement of patent No. 1,016,214.  The article sought to be protected was a knit collar piece, which was made to be sewn into the collar band of coats, and when fastened took the form of a truncated cone fitting the neck snugly at the top, thus excluding air and cold. The appellee, in its manufacture of coats, uses a knit piece which performs the same general functions.

The broad claim made by appellant is that its patent covers all knit devices which may be readily secured to coat collars and having an outer or exposed edge fitting snugly and elastically to the neck.  The appellee denies that there is anything novel in appellant's product, but if there be any novelty it is not in the result accomplished by the knit collar, but in the manner in which that result is reached through a particular method of knitting the fabric, and that the method in question is not used in the manufacture of appellee's collars.  The trial court found that there was novelty in appellant's collar, but that such should be confined to the method of knitting, and also that this method was not employed in appellee's collar.

The prior state of the art reveals clearly that a variation in the snugness of knit garments to fit different parts of the body as the neck, wrists, and waist, has been long in use.  This variation was accomplished in course of knitting by a change in the kind of stitch used.  These changes were based on a difference in the amount of yarn consumed.  There were three different kinds of stitches which could be thus combined; the cardigan, half-cardigan, and tuck stitches.  The smaller the amount of yarn used the greater the contraction and elasticity, so that starting with a cardigan stitch and proceeding through the half-cardigan and tuck stitches, a garment could

be produced which would outline a broken truncated cone of three zones. Such a garment would clearly show the zone of each kind of stitch and a noticeable difference in the thickness of the fabric for each zone. These garments were knit on a tubular machine. The cylinder thus knit could then be cut, the cut edges bound and a collar made.

The appellant made its collar by using only one kind of stitch, the tuck stitch. It accomplished the narrowing effect by changing the tension of the yarn during the process of knitting. The tighter the yarn the more contracted and elastic would be the fabric. By this method it could form a piece of fabric of innumerable progressively narrowing zones smoothly running into each other, of the same thickness and of progressive degrees of tension or elasticity. It was knit on a flat machine, thus requiring no cutting or binding of edges.

The article produced by appellant, while entering an old field with an old material, is a distinctly superior article, in that it is of better appearance, better responds to the demands of the situation, and is more economical in its use of material. It is therefore novel. But its novelty is solely due to the method of its manufacture. That is the contribution to the art. It is covered by the patent, is entitled to protection, and at the same time marks the boundaries of the invention.

There is no claim that the collars of appellee are made by this method. Therefore the trial court was correct in its result and its reasoning, and the order dismissing the bill is affirmed.